IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA CARTEE-HARING, | : |
| Plaintiff, | : Case No. _____ |
| v. | : |
| CENTRAL BUCKS SCHOOL DISTRICT, | : |
| Defendant. | : JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Rebecca Cartee-Haring, by and through her undersigned counsel, hereby makes the following Complaint against her employer, Central Bucks School District, for violation of her rights under the federal Equal Pay Act and the Pennsylvania Equal Pay Law

1. Plaintiff, Rebecca Cartee-Haring, is an adult woman and a citizen of Pennsylvania.

2. Defendant, Central Bucks School District ("CBSD" or the "District") is a public school district operating in Bucks County, Pennsylvania.

3. Ms. Cartee-Haring has been employed as a high school English teacher by the District beginning effective August 29, 2007 and continuing through the present.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that this lawsuit arises under the laws of the United States, specifically the Equal Pay Act, 29 U.S.C. § 206(d)(1). This Court has supplemental subject matter jurisdiction over Ms. Cartee-Haring's claim under the Pennsylvania Equal Pay Law, 43 P.S. § 336, pursuant to 28 U.S.C. § 1367.

5. Prior to her employment with the District, Ms. Cartee-Haring obtained a Bachelors Degree in English with Honors from Rutgers University with a Grade Point Average of 3.5 out of 4.0 and a Masters Degree in English Education from Rutgers University Graduate School of Education with a grade point average of 4.0 out of 4.0.

6. Prior to her employment with the District, Ms. Cartee-Haring was employed as a high school English teacher by the Hatboro-Horsham School District from September 1998 until June 2007, where she taught 12th Grade World Literature and Speech Communications, 12th Grade Advanced Placement English and Composition, and 11th Grade British Literature at the academic, college prep and honors levels.

7. In 1998, Ms. Cartee-Haring obtained her Instructional I teaching certification from the Commonwealth of Pennsylvania to teach English in Grades 7-12 and since December 2002 and continuing through the present, Ms. Cartee-Haring has maintained her Instructional II teaching certification in Pennsylvania to teach English in Grades 7-12.

8. From at least as early as the time Ms. Cartee-Haring joined the faculty at CBSD in 2007 and continuing through the present, the District has maintained a Salary Schedule applicable to full time faculty members.

9. The Salary Schedules use factors to determine teachers' annual salaries.

10. One factor used in the Salary Schedules is "Step" which is the number of years' experience a teacher has teaching.

11. Another factor used in the Salary Schedules is the teachers' educational background in terms of whether the teacher has a Bachelor's Degree, a Bachelor's Degree plus 24 post-graduate credits, a Masters Degree, a Masters Degree plus 15 credits toward a doctorate degree, and a Masters Degree plus 30 credits toward a doctorate degree.

12. The District has manipulated the factors under its Salary Scales to compensate Ms. Cartee-Haring substantially less and to compensate male employees substantially more.

13. At the time Ms. Cartee-Haring commenced her employment with the District, she had nine (9) years' experience teaching high school English.

14. At the time Ms. Cartee-Haring commenced her employment with the District, she had a Masters Degree in English Education.

15. With nine (9) years' experience as a high school English teacher as of August 29, 2007, Ms. Cartee-Haring was in her tenth year of teaching high school during the 2007-2008 school year.

16. Accordingly, she should have been placed at Step "J" on the District's 2007-2008 Salary Schedule as a tenth year teacher.

17. At Step "J" with a Masters Degree, Ms. Cartee-Haring's annual salary under the 2007-2008 Salary Schedule should have been $66,650.

18. Unfortunately, the District designated Ms. Cartee-Haring at Step "E" under the 2007-2008 Salary Schedule, as if she were only in her fifth year of teaching and not in her tenth year, at an annual salary of only $54,100.

19. More recently, the District has continued its practice of under-paying Ms. Cartee-Haring under the applicable Salary Schedules and over-paying male employees.

20. For the 2019-2020 school year, Ms. Cartee-Haring is being compensated $94,991.00 per year as a Step "14" teacher with a Masters Degree under the 2019-2020 Salary Schedule, even though Ms. Cartee-Haring is in her twenty-second year teaching high school English.

21. The maximum Step under the 2019-2020 Salary Schedule is "16."

22.     So, with more than 16 years' teaching experience, Ms. Cartee-Haring should be at Step 16 under the 2019-2020 Salary Schedule which, at the Masters Degree level, would yield a salary of $104,034.00.

23.     Male faculty members employed by the District who are not more qualified than Ms. Cartee-Haring have been treated more favorably than Ms. Cartee-Haring in terms of their compensation and are paid more for substantially equivalent or less demanding work.

24.     For example, one male faculty member (hereinafter referred to as "John Doe" for purposes of this Complaint) was hired by the District in the Fall 2010 to teach high school Social Studies.

25.     John Doe had a Bachelors Degree in a discipline other than Social Studies.

26.     John Doe had a Master of Arts Degree in Elementary Education, not Secondary Education.

27.     Prior to being hired on the high school faculty by the District, John Doe had, at most, only seven years (7) of teaching high school history, in addition to one year teaching 6th Grade Math, a year teaching 5th Grade in some discipline, and five years teaching 7th Grade Geography.

28.     On his employment application with the District, John Doe stated that he had been teaching for the past 14 years.

29.     The District nevertheless placed John Doe at Step "16" on the Salary Scale, as if he were in his sixteenth year of teaching instead of his eighth year teaching high school and his fifteenth teaching elementary, middle school and high school combined.

30. Additionally, the District placed John Doe on the Salary Scale as if he had a Masters Degree plus 30 additional credits, even though there was nothing in John Doe's employment application suggesting that he had any credits beyond a Masters Degree.

31. By placing John Doe at Step "16" with a Masters Degree plus an additional 30 credits, the District paid him $101,810 as his teacher's salary for the 2010-2011 school year.

32. The District has maintained a practice of failing to credit Ms. Cartee-Haring with her years of teaching experience for purposes of compensation under its Pay Scales while providing to male employees credit for teaching experience and educational credits that they do not have in order to pay Ms. Cartee-Haring less for substantially similar, if not more demanding, work than male employees perform.

## COUNT I

## FEDERAL EQUAL PAY ACT

33. The foregoing averments are incorporated by reference as if fully set forth herein.

34. The District has willfully failed and is willfully continuing to fail to credit Ms. Cartee-Haring with her years of teaching experience for purposes of compensation under its Salary Scales.

35. The District has, at a minimum, willfully credited male employees with their years of teaching experience for purposes of compensation under the District's Salary Scales.

36. In fact, the District has even willfully provided to male employees credit for teaching experience and educational credits that they did not have in order to increase their compensation under the Salary Scales.

37. The District has not applied academic credits beyond a Masters Degree for the benefit of Ms. Cartee-Haring, although it has willfully done so for at least one male employee who did not have such academic credits either.

38. The result of the District's willful failure and refusal to afford Ms. Cartee-Haring full credit for her years of teaching experience for purposes of her compensation and its practice of crediting male teachers with more years of teaching experience and academic credits than they actually have for purposes of their compensation has been to compensate Ms. Catree-Haring less than male teachers even though she performs substantially equivalent, if not more demanding work, than those male teachers and is as, if not more, qualified to perform such work than male teachers.

39. The District's conduct violates the Equal Pay Act, 29 U.S.C. § 206(d)(1).

WHEREFORE, Ms. Cartee-Haring demands judgment in her favor and against the Defendant, compensatory damages, liquidated damages, pre judgment and post judgment interest, and such other relief as the Court deems just and proper.

## COUNT II

## PENNSYLVANIA EQUAL PAY LAW

40. The foregoing averments are hereby incorporated by reference as if full set forth herein.

41. In knowingly and willfully failing and refusing to afford Ms. Cartee-Haring full credit for her years of teaching experience for purposes of her compensation as a teacher, and in knowingly and willfully crediting male teachers with more years of teaching experience and academic credits than they actually have for purposes of their compensation, the District has compensated Ms. Catree-Haring less than male teachers even though she performs substantially

6

equivalent, if not more demanding work, than those male teachers and is as, if not more, qualified to perform such work than male teachers.

42. The District's willful conduct violates the Pennsylvania Equal Pay Law, 43 P.S. § 336.

WHEREFORE, Ms. Cartee-Haring demands judgment in her favor and against the Defendant, compensatory damages, liquidated damages, pre judgment and post judgment interest, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Edward S. Mazurek
        Edward S. Mazurek (PA I.D. No. 50278)
        THE MAZUREK LAW FIRM, LLC
        717 S. Columbus Blvd.
        Suite 516
        Philadelphia, PA 19147
        267.243.3393
        emazurek@mazureklawfirm.com

        Attorney for Plaintiff,
        Rebecca Cartee-Haring