# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REBECCA CARTEE-HARING | CIVIL ACTION |
| --- | --- |
| v. | NO. 20-1995 |
| CENTRAL BUCKS SCHOOL DISTRICT | |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                          **November 5, 2020**

### I. Introduction

Plaintiff Rebecca Cartee-Haring is a high school teacher and former lacrosse coach in a public high school in Central Bucks School District ("the District"). Plaintiff alleges that she faces discrimination on two fronts: <u>first</u>, that the District has suppressed her pay grade relative to those of male teachers (Counts I and II), and <u>second</u>, that the District removed her from her position as women's lacrosse coach based on her gender, age, and/or disabled status (Counts III, IV, and V).

For the foregoing reasons, the Court will DISMISS claims for damages from before April 22, 2017 under Count I without prejudice and with leave to amend; DISMISS Count II with prejudice; DENY Defendant's Motion to Dismiss as to Count III; and DISMISS Counts IV and V without prejudice and with leave to amend.

### II. Factual and Procedural Background

In considering a motion to dismiss, the Court will treat as true all of Plaintiff's factual allegations.

     a. <u>Plaintiff's Teaching Position</u>

Plaintiff Rebecca Cartee-Haring was initially hired by the District as a high school English teacher in August 2007; she continues to work there in the same role. Second Am. Compl. at ¶ 3.

1

The District uses a Salary Schedule to determine salaries for its teachers based on their relevant work and education experience. Id. at ¶¶ 9–11. Plaintiff was hired at a lower pay grade than her prior education and work experience merited. Id. at ¶¶ 13–18. The District continues to pay Plaintiff on a lower pay grade than her background requires; at this point, Plaintiff should be paid at Step 16, the maximum salary level. Id. at ¶¶ 20–22. Instead, she receives the lower salary of a Step 14 employee. Id. at ¶ 20.

In contrast, the District hired a male high school teacher, identified by the pseudonym John Doe, to begin at Step 16, despite Doe having the same amount of education and (when first hired) less teaching experience than Plaintiff. Id. at ¶¶ 24–30.

b. Plaintiff's Coaching Position

In addition to teaching English, Plaintiff was also the assistant coach for her school's women's lacrosse team from 2013–2017 and the head coach for the 2018–2019 season. Id. at ¶ 33. During her tenure, the team enjoyed competitive success and a positive social environment. Id. at ¶ 35.

At the end of the 2018–2019 season, however, the District removed Plaintiff from her coaching position. Id. at ¶ 89. Plaintiff alleges that the District terminated her for taking similar actions to those of male coaches, including cancelling the team's banquet and attending a private party at player's home. Id. at ¶¶ 53, 89, 94. The District did not fire or discipline the male coaches for that behavior. Id. at ¶¶ 56, 99. While discussing her termination, District representatives also questioned Plaintiff about her health. Id. at ¶¶ 50, 101–102, 104.

Plaintiff was born in December 1974. Id. at ¶ 1. Plaintiff's replacement as head coach for the lacrosse team is a younger female candidate who is not perceived as having a disability. Id. at ¶ 112.

c. Procedural History

Plaintiff initially filed suit on April 22, 2020. ECF 1. She first amended her complaint on April 24, 2020, ECF 2, and did so again on September 11, 2020, ECF 19. The District moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim on September 25, 2020. ECF 20. Plaintiff responded on October 9, 2020, ECF 22, and the District replied on October 16, 2020, ECF 23.

### III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556).

### IV. Discussion

Plaintiff has raised five claims. The first two are for gender discrimination in setting Plaintiff's wages pursuant to federal law (Count I) and Pennsylvania law (Count II). The latter

3

three allege gender, age, and disability discrimination under federal law (Counts III, IV, and V, respectively) for terminating her as lacrosse coach.

   a. Wage Discrimination for Teaching Position

Plaintiff alleges that the District has unlawfully discriminated against her by paying her less than her male counterparts despite her having similar or greater qualifications.

Plaintiff brings her federal law claim of wage discrimination under the Federal Equal Pay Act ("FEPA"). 29 U.S.C. § 206. FEPA has a two-year statute of limitations for most claims and a three-year limit for willful violations, id. at § 255; plaintiffs cannot generally recover FEPA damages on paychecks older than that three-year period. See Chickilly v. Panther Valley Sch. Dist., No. 3:14-cv-02173, 2015 WL 7069335, at *2–3 (M.D. Pa. Nov. 12, 2015). Plaintiff asks the Court to apply the doctrine of equitable tolling, by inferring that the District obscured its unequal payment policies from her, to allow her to receive damages on older paychecks as well. To do so, however, the plaintiff must allege facts sufficient to support that inference. See id. at *3 (limiting FEPA damages to prior three years in absence of facts to justify equitable tolling). Plaintiff has not done so. As such, the Court will DISMISS without prejudice Plaintiff's Count I claims for damages arising before April 22, 2017, but it will grant her leave to amend her complaint to include allegations in support of equitable tolling if she chooses.

Both parties agree that FEPA preempts the state law cause of action upon which Plaintiff relies for Count II. Summy-Long v. Penn. State. Univ., 226 F. Supp. 3d 371, 412 (M.D. Pa. 2016). The Court will DISMISS Count II with prejudice.

   b. Gender, Age, and Disability Discrimination for Lacrosse Coach Position

Plaintiff also alleges that the District removed her from the lacrosse coaching position as a result of discrimination based on gender (Count III), age (Count IV), and/or disability (Count V).

4

To survive a motion to dismiss on discrimination claims, "a plaintiff must show that: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action; and (4) similarly situated persons who are not members of her protected class were treated more favorably . . . ." Warfield v. SEPTA, 460 F. App'x 127, 129–30 (3d Cir. 2012). Plaintiff has cleared that low bar for her gender discrimination claim under Title VII: she is a woman who successfully coached the lacrosse team, but the District fired her for behavior for which non-female peers were not fired. The Court DENIES the motion to dismiss Count III.

Plaintiff's age- and disability-discrimination allegations, however, omit vital details. Under the Age Discrimination in Employment Act, the plaintiff must plead that she "was ultimately replaced by another employee who was *sufficiently younger* so as to support an inference of a discriminatory motive." Burton v. Teleflex, Inc., 707 F.3d 417, 426 (3d Cir. 2012) (emphasis added). She does not identify the age gap between her and her replacement, however, which prevents the Court from assessing whether her replacement's age suggests discriminatory termination. Similarly, Plaintiff fails to allege a disability under the Americans with Disabilities Act that might limit her ability to perform major life activities beyond her generalized concerns about health.[1] See Heard v. St. Luke's Hosp., Civ. Act. No. 08-5494, 2009 WL 3081513, at *3 (E.D. Pa. Sept. 28, 2009) (Stengel, J.) (ADA claim requires identifying how disability affects a major life activity.). The Court will DISMISS Counts IV and V without prejudice and with leave to amend.

---

[1] Plaintiff does not allege specific health issues beyond "stress and anxiety," Second Am. Compl. at ¶ 104, nor does she explain how these conditions impede a major life activity under the ADA.

## V. Conclusion

For the reasons set forth above, the District's Motion to Dismiss is GRANTED in part and DENIED in part as follows:

- GRANTED, without prejudice and with leave to amend, as to claims for damages prior to April 22, 2017 under Count I;
- GRANTED, with prejudice, as to Count II;
- DENIED, as to Count III; and
- GRANTED, without prejudice and with leave to amend, as to Counts IV and V.

An appropriate Order follows.

O:\CIVIL 20\20-1995 Cartee-Haring v Central Bucks Sch\20cv1995 memorandum re MTD 11052020.docx