IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REBECCA CARTEE-HARING**<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT** | **CIVIL ACTION**<br><br>**NO. 20-1995** |
| **DAWN MARINELLO, individually and on Behalf of similarly situated female employees**<br><br>v.<br><br>**CENTRAL BUCKS SCHOL DISTRICT** | **CIVIL ACTION**<br><br>**NO. 21-2587** |

**MEMORANDUM**

**Baylson, J.**                                                                              **November 23, 2021**

**I.     Background**

One of the Plaintiffs in these cases, Rebecca Cartee-Haring, is a female teacher suing the Central Bucks School District under the federal Equal Pay Act and its Pennsylvania analog for failing to promperly credit her years of experience and education attainment under the District's Pay Scale. Cartee-Haring alleges that the District has properly paid her male colleagues under its pay scale, and indeed in some instances even paid the male teachers more than the scale would allow for their experience and education.

The only point of contention in counsel's status report is the question of whether to consolidate this case with Marinello v. Central Bucks School District, 21-cv-2587, a collective action case involving precisely the same federal Equal Pay Act claim against the Central Bucks School District for its impropare application of the District's Pay Scale for female teachers as compared to male teachers. Though there is a different named Plaintiff, Dawn Marinello, Cartee-

Haring is mentioned n the Marinello complaint as another example of a female teacher who had been paid less than men, considering her years of experience and educational achievement.

Plaintiff, Cartee-Haring objects to consolidation, arguing that she has also alleged gender, age, and disability discrimination claims under Title VII, Age Discrimination in Employment Act (ADEA), and Americans with Disabilities Act (ADA), respectively, for the District's actions in firing her as head lacrosse coach.  Plaintiff Cartee-Haring argues that because these claims arise from an entirely different set of circumstances, shared with no other individual teachers in the District, the Court should not consolidate both cases.

Defendant believes these matters can be consolidated for discovery and summary judgment purposes, with separate trials if necessary.

## II.  Legal Standard

Although the Defendant has not filed a motion to consolidate, neither Plaintiff objects to the Court considering consolidation based on the joint status report.

Fed. R. Civ. P. 42(a) provides that if actions before the court involve a common question of law or fact, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions be consolidated; and it may take such actions as necessary to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a); see Kelly v. Greer, 295 F. 2d 18, 20 (3d Cir. 1961).  "Rule 42(a)…confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F. 2d 673, 675-76 (3d Cir. 1964), cert. denied, 382 U.S. 812 (1965).  Consequently, the court may consolidate actions in whole or may order a joint trial of any matters in issue in the actions.  Fed. R. Civ. P. 42(a). Whether a common question of law or fact exists is the threshold requirement for determining

whether consolidation is permissible.  Farahmand v. Rumsfeld, 2002 WL 3160709, at *1 (E.D. Pa. 2002).  When exercising its broad discretion as to whether consolidation is appropriate, the court must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy.  Mincy v. Chmielewski, 2006 WL 1997457, at *2 (M.D. Pa. 2006) (quoting Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983).

### III.     Discussion

Common questions of law and fact exist in both cases, as their Federal Equal Pay claims are the same.  Both cases allege improper application of the pay scale to female teachers as opposed to male teachers, leading to unfair salary differentials. Also important is the fact that both cases are at roughly the same stages of litigation.  Consolidation would certainly streamline judicial proceedings and discovery, without prejudice to the additional claims of Rebecca Cartee-Haring.

The court finds that consolidation would be efficient for the completion of discovery, any submission of expert reports, for ruling on dispositive motions.  The court will therefore grant consolidation of both cases at this time but not necessarily for trial of either case.

O:\CIVIL 21\21-2587 Marinello v. Central Bucks School District\21cv2587 Memorandum .docx