IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN MARINELLO,** *on behalf of herself and similarly situated plaintiffs*, *Plaintiff*, <br><br> v. <br><br> **CENTRAL BUCKS SCHOOL DISTRICT,** *Defendant*. | **CIVIL ACTION NO. 21-2587** |
| **REBECCA CARTEE-HARING,** *Plaintiff*, <br><br> v. <br><br> **CENTRAL BUCKS SCHOOL DISTRICT,** *Defendant*. | **CIVIL ACTION** <br><br> **NO. 20-1995** |

**MEMORANDUM RE: MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO DECERTIFY COLLECTIVE ACTION**

**Baylson, J.**                                                                                                   **May 15, 2024**

Plaintiff Dawn Marinello, on behalf of herself and similarly situated plaintiffs, brought a collective action against Defendant Central Bucks School District ("Defendant" or "Central Bucks"), alleging that Central Bucks paid female teachers less than male teachers in violation of the Equal Pay Act ("EPA"). Plaintiff Rebecca Cartee-Haring filed a Complaint against Defendant alleging unlawful discrimination under the EPA, as well as unlawful discrimination and retaliation claims unrelated to the EPA. In its Order dated November 24, 2021, this Court consolidated these two cases for all purposes except trial. ECF 17.[1] Pending before this Court are:

---

[1] All ECF references in this Memorandum, unless otherwise stated, are to the Marinello v. Central Bucks docket, 21-2587.

1

(1) Central Bucks' Motion for Summary Judgment (ECF 161)[2]

(2) Plaintiffs' Motion for Partial Summary Judgment (ECF 163)

(3) Central Bucks' Motion to Decertify Collective Action (ECF 159).[3]

For the reasons provided below, and in consideration of the existence of genuine disputes of material fact, Central Bucks' Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment are denied. Central Bucks' Motion to Decertify Collective Action is also denied.

## I.   RELEVANT FACTUAL BACKGROUND[4]

Plaintiffs are women who are or were employed by Central Bucks and who contend that they were treated less favorably than male teachers for purposes of compensation as determined by their placement on Central Bucks' Salary Scales. ECF 163-1 ¶ 1; ECF 169, ¶ 1. Defendant Central Bucks is a public school district in Bucks County, Pennsylvania. ECF 163-1 ¶ 2; ECF 169 ¶ 2. Central Bucks has been an employer within the meaning of the EPA and subject to the requirements of the EPA since 1985. ECF 163-1 ¶ 3-4; ECF 169 ¶ 3-4.

In each year from at least 1985 through the present, Central Bucks has maintained Salary Schedules applicable to all fulltime faculty members employed by Central Bucks. ECF 163-1 ¶ 7; ECF 169 ¶ 7. These Salary Schedules, which consist of (1) rows (alternatively called "steps") and (2) columns, mandate a Central Bucks teacher's annual salary. ECF 163-1 ¶ 8-9; ECF 169 ¶ 8-9.

---

[2] This Motion was originally filed in error as ECF 158, then refiled as ECF 161.

[3] Two other motions are also pending before this Court: (1) Central Bucks' Motion to Strike the Eighteenth Notice of Opt-in Plaintiffs (ECF 162) and Central Bucks' Motion for Summary Judgment relating to the non-EPA claims in Cartee-Haring (20-1995, ECF 133). These Motions will not be addressed in this Memorandum.

[4] All facts, unless otherwise noted, are taken from Plaintiffs' Statement of Undisputed Facts in Support of their Partial Motion for Summary Judgment (ECF 163-1) and Defendant's Response to Plaintiffs' Statement of Undisputed Facts (ECF 169).

The rows relate, in some fashion, to years of teaching experience.[5]  ECF 163-1 ¶ 10; ECF 169 ¶ 10.  The columns are based on college degrees and additional credits.  ECF 163-1 ¶ 11; ECF 169 ¶ 11.

The parties dispute whether Plaintiff Cartee-Haring and the Opt-in Plaintiffs received credit from Central Bucks for all their years of prior teaching experience for purposes of their placement on the Salary Scales.[6]  ECF 163-1 ¶ 15; ECF 169 ¶ 15.  The parties agree that many female teachers were placed on steps for which they received no credit or less than full credit for all prior experience but dispute whether male teachers also received less than full credit or no credit.  ECF 163-1 ¶ 16-17; ECF 169 ¶ 16-17.  The parties agree that some male teachers were placed on steps that exceeded their years of prior experience but disagree whether female teachers received step placement that exceeded their years of prior experience as well.  ECF 163-1 ¶ 17; ECF 169 ¶ 17.  The parties ultimately dispute whether Central Bucks has treated men and women equally under the EPA in its placement of men and women on the Salary Scale.  ECF 163-1 ¶ 18-19; ECF 169 ¶ 18-19.

## II.   PROCEDURAL HISTORY

On April 22, 2020, Plaintiff Cartee-Haring filed a Complaint alleging unlawful discrimination under the EPA.[7]  20-1995, ECF 1.  On June 8, 2021, Plaintiff Marinello filed a Complaint alleging violations of the EPA and containing allegations for the case to proceed as a

---

[5] The parties dispute whether the rows equate to years of teaching experience directly (Plaintiffs' position) or whether Central Bucks has recognized certain "relevant" experience for purposes of placement on the salary scale during some years only (Defendant's Position).  See ECF 163-1 ¶ 10; ECF 169 ¶ 10.

[6] Defendant admits that Plaintiff Marinello did not get credit for her years of experience, stating that Marinello was hired into a "true" substitute position for one semester, rather than a permanent position, and a man, David Sheafer, was also not given any credit for his 13 years of experience.  ECF 169 ¶15(b).

[7] Plaintiff Cartee-Haring also brought discrimination claims unrelated to the EPA, which are not discussed in this Memorandum.

collective action. ECF 1. In its Order dated November 24, 2021, this Court consolidated the cases for all purposes except trial. ECF 17.

On February 28, 2022, Plaintiff Marinello filed a Motion to Certify a Collective Action. ECF 27. On June 14, 2022 and June 28, 2022, this Court held hearings on the Motion to Certify. ECF 38, ECF 47. On August 24, 2022, this Court entered an Order granting the Motion to Certify a Collective Action. ECF 55. The collective class includes:

> All women teachers employed by the District from 2000 through the present who have been subject to compensation under the District's applicable Salary Schedules who were treated less favorably than male teachers employed by the District from 2000 through the present with respect to compensation under the applicable Salary Schedules.

See ECF 55. On November 6, 2022, female teachers began opting into the litigation. ECF 64. As the docket shows, contentious discovery between the parties followed.

On April 5, 2024, Central Bucks filed a Motion for Summary Judgment (ECF 161) as well as a Motion to Decertify the Collective Action (ECF 159), and Plaintiffs filed a Motion for Partial Summary Judgment (ECF 163). On April 15, 2024, Plaintiffs filed a Motion to Strike Defendant's Statement of Undisputed Facts. ECF 166. On April 26, 2024, this Court issued an order denying Plaintiff's Motion to Strike, noting that Plaintiff can make the same arguments in its response to Defendant's Motion for Summary Judgment. ECF 167.

On April 30, 2024, Plaintiffs filed a Response in Opposition to Defendant's Motion for Summary Judgment (ECF 168) and Defendant filed a Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF 170). On May 1, 2024, Plaintiffs filed a Response in Opposition to Defendant's Motion to Decertify the Collective Action. ECF 171. On May 10, 2024, Defendant filed a Reply in Support of their Motion for Summary Judgment (ECF 173) and Motion to Decertify Collective Action (ECF 174).

### III. PARTIES' CONTENTIONS

**A. Defendant's Motion for Summary Judgment**

Central Bucks argues that summary judgment is warranted on Plaintiffs' EPA claim because:

(1) Plaintiffs have failed to establish a prima facie case because they have not specifically identified which male teachers are comparators but rather assert that "all men" are comparators;

(2) Plaintiffs cannot establish a prima facie case where it is shown that both men and women were treated the same regarding their placement in the salary scales;

(3) The undisputed evidence establishes that there was no unlawful discrimination when placing men and women on the salary scales;

(4) Increasing Plaintiffs on the salary scale will unlawfully discriminate against male teachers; and

(5) The claims of those Plaintiffs who opted into the case more than two years after reaching the top step of the salary scale are barred by the statute of limitations.

ECF 161.

In their Response, Plaintiffs argue that they have established a prima facie case under the EPA because Central Bucks has admitted that all teachers in Central Bucks perform substantially equal work and the undisputed facts establish that Plaintiffs as women teachers were treated less favorably than many male teachers for purposes of placement on the Salary Scales. ECF 168 at 6.

Plaintiffs argue that Defendant cannot prove that a factor other than sex caused one or more male teachers to be treated better than women teachers in their compensation. ECF 168 at 7. Plaintiffs point to John Donnelly as a male teacher who was given credit for all his years of prior teaching experience when he first became employed by Central Bucks and was placed on the highest step. Plaintiffs argue that they have additionally identified 67 male teachers who received credit for all their prior years of teaching experience, received credit for more years of prior

5

teaching experience than they actually had, or received credit for most of their experience, and Defendant failed to adduce evidence setting forth the specific factor that explains why each of these male teachers were given their Step placement. ECF 168 at 9.

With respect to Defendant's statute of limitation argument, Plaintiffs argue that Defendant cannot prove that any Plaintiff's claim is barred by the statute of limitations. ECF 168 at 18. Plaintiffs argue that the "discovery rule" applies to extend the statute of limitations, and each disparate paycheck constitutes a new discriminatory action for the purpose of claim accrual. ECF 168 at 18-19. Plaintiffs also assert that the equitable tolling doctrine enables women teachers who were misled about Defendant's discriminatory compensation practices to assert claims for discrimination that occurred as far back as 2000. ECF 168 at 20. Plaintiffs point to this Court's August 24, 2022 Memorandum, in which this Court recognized that "Plaintiff [ ] established the female teachers did not know they were being compensated less than their male counterparts before 2020, and on several occasions the District misstated how it utilized its Salary schedules to calculate the female teachers' annual salaries." ECF 168 at 20.

In its Reply, Defendant notes that Plaintiffs did not file a response to Defendant's Statement of Undisputed Facts and argues that the facts set forth by Defendant should be deemed undisputed. ECF 173 at 2. Defendant also asserts that, contrary to Plaintiffs' assertion, Defendant has never admitted that all Plaintiffs have equal skill or equal responsibility, or that all teachers are comparators. ECF 173 at 4. Defendants argue that men and women were treated the same, Plaintiffs fail to provide proof of the assertion that Defendant failed to follow its administrative procedures, and Plaintiffs' arguments regarding the statute of limitations should be rejected because Plaintiffs do not present any evidence as to individual Plaintiffs establishing that the doctrine of equitable tolling or the discovery rule applies. ECF 173 at 6-8.

**B. Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs move for partial summary judgment with respect to Defendant's liability for their claims under the EPA and with respect to their entitlement to an award of liquidated damages on their claims. ECF 163-2 at 1. Plaintiffs argue that the undisputed facts establish that Plaintiffs as women teachers were treated less favorably than many male teachers—not just one—for purposes of placement on the Salary Scales, which in turn caused those women teachers to be paid less than male comparators. ECF 163-2 at 7.

With respect to their claim for entitlement to liquidated damages, Plaintiffs claim that Defendant cannot carry its burden of proving that it acted in good faith and that it had reasonable grounds for believing that it was not violating the EPA, and accordingly Plaintiffs assert they are entitled to liquidated damages as a matter of law. ECF 163-2 at 8.

In its Response, Defendant argues that Plaintiffs' Motion for Partial Summary Judgment should be denied where Plaintiffs have (1) failed to establish a prima facie case; (2) failed to present facts that any plaintiff has substantially equal skill or responsibility to any comparator; (3) not linked any specific comparator to any specific plaintiff; (4) failed to state any fact as to 247 Plaintiffs; (5) incorrectly conflated steps to wages; (6) offer no facts that rows in the Salary Scale equate to experience, and where (7) the relief requested would be discriminatory to the male teachers treated the same as Plaintiffs. ECF 170 at 1.

In their Reply, Plaintiffs argue that (1) Plaintiffs are entitled to summary judgment as a matter of law, (2) step placement is inextricably linked to compensation, (3) Defendant has admitted that all teachers perform substantially equal work, (4) Defendant had not adduced evidence that their proffered reasons explain the wage disparities, and (5) Defendant has not opposed Plaintiffs' Motion with respect to liquidated damages. ECF 176 at 3-8.

### C. Defendant's Motion to Decertify Collective Action

Defendant argues that decertification of the collective action is proper because the class members are not similarly situated where there is no single decision, policy, or plan at issue and where placement on the salary scale is based on individual assessments; the class members did not meet the standard set forth that they were treated "less favorably than male teachers;" Central Bucks has individualized defenses as to class members; and fairness and procedural considerations warrant decertification.  ECF 159.

Defendant argues that, to prove that employees are "similarly situated" for purposes of certification, the Court must consider whether the employer maintained a common or single "decision, policy or plan" that affected each class member in a way that violated the EPA, and if there is such a decision, policy, or practice, whether it affects different employees the same way. ECF 159-1 at 13-15.  Defendant argues that there is no single decision, policy or plan that applies to the 380 Opt-In Plaintiffs and two named Plaintiffs, and the evidence shows that placement on the salary scale is an individual assessment based on many factors and that the salary placement guidelines have changed over time.  ECF 159-1 at 15-19.

Plaintiffs respond that this Court granted final certification in this case on August 24, 2022 based on the evidence submitted by Plaintiffs that they had already met their burden for final certification.  ECF 171 at 2.  Plaintiffs cite this Court's October 31, 2022 Memorandum, where the Court decided, "[g]iven the strength of the evidence provided by Plaintiffs at the June 2022 evidentiary hearing, the Court concluded that proceeding in stages would be an inefficient use of judicial resources because Plaintiffs had already met their burden for final certification." ECF 171 at 5.

In its Reply, Defendant argues that the EPA requires that the Court determine whether Plaintiffs are similarly situated prior to granting final certification, this Court has recognized the ability to decertify a collective action, and Plaintiffs have not refuted Defendant's substantive arguments that (1) there is no single decision, policy or plan at issue and (2) Plaintiffs are not similarly situated. ECF 174 at 3-8.

## IV.   LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56,

9

the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

### B. Equal Pay Act Claims

Unlike ADEA and Title VII claims, EPA claims do not follow the McDonell Douglas three-step burden-shifting framework. Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000). Instead, they follow a two-step burden-shifting framework. Id. To succeed on an EPA claim, a plaintiff "must first establish a prima facie case by demonstrating that employees of the opposite sex were paid differently for performing 'equal work' – work of substantially equal skill, effort and responsibility, under similar working conditions." Id. (internal citations omitted). "The burden of persuasion then shifts to the employer to demonstrate the applicability of one of the four affirmative defenses specified in the Act." Id. (internal citations omitted) (emphasis in original). The four affirmative defenses specified in the Act are: (1) a bona fide seniority system, (2) a merit system, (3) a system which measures earnings by quantity or quality of production, and (4) a differential based on any factor other than sex. 29 U.S.C. Section 206(d)(1). "[I]n order to prevail at the summary judgment stage, the employer must prove at least one affirmative defense 'so clearly that no rational jury could find to the contrary.'" Stanziale, 200 F.3d at 107 (citing E.E.O.C. v. Delaware Dept. of Health and Social Servs., 865 F.2d 1408, 1414 (3d Cir. 1989)).

### C. Motion to Decertify Collective Action

Collective certification analysis typically proceeds in two stages: (1) conditional certification and (2) final certification. Karlo v. Pittsburgh Glass Works, LLC, 849 F.3d 61, 85 (3d Cir. 2017). At the first stage, the named plaintiff must "make a modest factual showing to demonstrate a factual nexus between the manner in which the employer's alleged policy affected [her] and the manner in which it affected the proposed collective action members." Id. (internal

citation omitted). At the second stage, the plaintiff must prove, by a preponderance of the evidence, that the opt-in plaintiffs are similarly situated to her, meaning the opt-in plaintiffs were "subjected to some common employer practice that, if provided, would help demonstrate a violation." Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 538 (3d Cir. 2012). Although the two-step collective certification analysis has been adopted by the Third Circuit, the approach is "nowhere mandated." Id. at 536.

Determining whether class members are similarly situated at the decertification stage generally requires consideration of three factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant; and (3) fairness and procedural considerations. Kuznyetsov v. West Penn Allegheny Health System, Inc., 2011 WL 6372852, at *3 (W.D.Pa. Dec. 20, 2011). While the burden of demonstrating that class members are "similarly situated" is significantly higher at the decertification stage than at the conditional certification stage, "similarly situated does not mean 'identically' situated." Id. (citing Wilks v. Pep Boys, 2006 WL 2821700, at *3 (M.D.Tenn. Sep. 26, 2006)).

## V. DISCUSSION

### A. Motions for Summary Judgment

Upon review of the briefs and exhibits, and in consideration of Defendant's Statement of Undisputed Facts in Support of its Motion for Summary Judgment, which consists of 234 pages and 644 paragraphs of purportedly "undisputed" facts, it is this Court's conclusion that there are genuine disputes of material fact precluding entry of summary judgment for either party.[8] In

---

[8] Plaintiffs filed a Motion to Strike Defendant's Statement of Undisputed Facts. ECF 166. In its Order dated April 26, 2024, this Court denied Plaintiffs' Motion to Strike, stating that Plaintiff can make the same arguments in its response to Defendant's Motion for Summary Judgment. ECF 167. Plaintiffs did not make these arguments in their Response brief, and they also did not file a Response to Defendant's Statement of Undisputed Facts, admitting or

particular, this Court notes that there are significant disagreements between Plaintiffs and Defendant as to whether all teachers in Central Bucks perform substantially equivalent work for purposes of salary comparison, how Central Bucks determines placement on the Salary Scale for male and female teachers, and the extent to which coaching experience contributes to placement on the Salary Scale. In light of these genuine disputes of material fact, summary judgment cannot be granted.

### B. Defendant's Motion to Decertify Collective Action

In its Order dated August 24, 2022 ("August 24 Order"), and following testimony heard by this Court on June 14, 2022 and June 28, 2022 and supplemental briefing by the parties, this Court granted Plaintiffs' Motion for Final Certification of this action to proceed as a collective action. ECF 55. In its memorandum accompanying the August 24 Order, this Court found final certification, as opposed to conditional certification, appropriate where:

> Here, to certify the class conditionally, then proceed with notice and opt-in specific discovery before proceeding to final certification, would be an inefficient use of judicial resources. This Court held an evidentiary hearing on June 28, 2022 to ascertain the similarities between Plaintiff's proposed plaintiffs. Eight female educators testified at the hearing to the following: each witness was a female; each witness was a teacher employed by the District for some period of time between 2000 and the present; each witness earned either greater educational credentials than what her placement on the District's Salary Schedules reflected or possessed more years of prior teaching experience in Pennsylvania public school districts than her placement reflected; and each witness's inaccurate placement on the Salary Schedule(s) resulted in her receiving an annual salary lower than the annual salary her credentials actually entitled her to. See generally supra Section I(C). The testimony given at [sic] the evidentiary record made clear that Plaintiff established, by a preponderance of the evidence, that several women were similarly situated to Plaintiff in that they were also female educators, employed by the District, who were subjected to the same District Salary Schedules, and who all received inaccurate placements on their respective school year's Salary Schedule which resulted in their underpayment. When compared to the twenty-six male educators who were also inaccurately placed on the Salary Schedules, but whose placements yielded overpayment not underpayment, the Court finds Plaintiff sufficiently established her burden as outlined in Zavala such that final certification of Plaintiff's putative class is proper.

denying each fact, as required by the Court's practice rules. Nevertheless, it is clear to this Court, from the arguments delineated in the parties' briefing, that there remain genuine disputes of material fact.

12

ECF 54 at 12-13.

This Court finds that this logic applies with equal force today, with respect to the Plaintiffs that ultimately opted into this case, and after extensive discovery. This Court sees no reason to disturb its ruling on final certification where Plaintiffs have shown by a preponderance of the evidence that members of the collective action are similarly situated. See Zavala, 691 F.3d at 534 (finding final certification appropriate where the plaintiffs have shown by a preponderance of the evidence that members of the collective action are "similarly situated"). While Defendant may have individualized defenses as to the individual plaintiffs, this one factor alone does not overcome (1) the fact that the factual and employment setting of the individual plaintiffs is comparable where all plaintiffs are female educators employed by Defendant and subject to the same Salary Schedules and (2) fairness and procedural considerations, which weigh against decertification where proceeding as a collective action lowers the costs to Plaintiffs, does not unduly prejudice Defendants, and allows for the efficient resolution of common issues of law and fact that arose from the same alleged activity—systemic underpaying of female teachers. See Kuznyetsov, 2011 WL 6372852, at *3 (determination of whether class members are similarly situated for purposes of decertification generally requires consideration of the factual and employment settings of the individual plaintiffs, the defenses available to defendant, and fairness and procedural considerations).

## VI. CONCLUSION

For the foregoing reasons, Central Bucks' Motion for Summary Judgment (21-2587, ECF 161 and 20-1995, ECF 131) and Plaintiffs' Motion for Partial Summary Judgment (21-2587, ECF 163 and 20-1995, ECF 135) are denied. Defendant filed in error its Motion for Summary

Judgment as ECF 158 (21-2587) before refiling as ECF 161.  ECF 158 (21-2587) is denied as moot.  Central Bucks' Motion to Decertify Collective Action (ECF 159) is also denied.

The Court will require all parties to engage in a mediation to consider a settlement of all claims, as a trial of this case would likely take several weeks or more.

**BY THIS COURT:**

  /s/ Michael M. Baylson
**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 20\20-1995 Cartee-Haring v Central Bucks Sch\21cv2587 and 20cv1995 MSJs and Motion to Decertify Memorandum.docx