IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REBECCA CARTEE-HARING<br><br>v.<br><br>CENTRAL BUCKS SCHOOL DISTRICT | CIVIL ACTION NO. 20-1995 |
|---|---|
| DAWN MARINELLO,<br><br>*individually and on behalf of similarly situated female employees,*<br><br>v.<br><br>CENTRAL BUCKS SCHOOL DISTRICT | CIVIL ACTION NO. 21-2587 |

**Baylson, J.**                                                                                                       **July 2, 2024**

**MEMORANDUM RE: EPA PRECEDENTIAL CASE REVIEW**

The Court will first review several decisions on the types of evidence allowed or required at a trial under the Equal Pay Act ("EPA").

Several courts in this circuit have noted that a plaintiff need only prove that she was paid less than a single male comparator, as opposed to a group of male comparators, for purposes of establishing a prima facie case under the Equal Pay Act ("EPA"). See Dubowsky v. Stern, Lavinthal, et al., 922 F.Supp. 985, 990 (D.N.J. 1996) ("Plaintiff need not establish a pattern and practice of sex discrimination. To the contrary, she need only establish that she was paid less than a single male employee for equal work on the basis of sex to prevail on her claim."); see

1

also Ryan v. Gen. Mach. Prod., 277 F. Supp. 2d 585, 596 (E.D.Pa. 2003) (Baylson, J.) ("In order to prove an EPA claim, a plaintiff need only establish that she was paid differentially because of her sex with respect to a single male employee."). Of note, both these cases involve an individual plaintiff rather than a collective action.

In Lavin-McEleney v. Marist College, 239 F.3d 476, 478 (2d Cir. 2001), by contrast, the Second Circuit declines to hold whether evidence of one male comparator at trial is sufficient to establish a prima facie case under the EPA. See Marist College, 239 F.3d at 480 ("We express no opinion on the merits of such a rule, because we conclude that, even if we were to adopt it, plaintiff here has identified a specific male comparator"). The Court's reading of these cases presents two issues for consideration, which the Court addresses below:

(1) Whether evidence of one male comparator alone is sufficient to meet the requirements under the EPA; and

(2) Whether statistical evidence should be required in addition.

I. CASES WHERE THE COURT HAS ALLOWED PLAINTIFF TO PROCEED WITH "ONE MALE COMPARATOR"

Plaintiffs may have a difficult time establishing an EPA violation with evidence of only one male comparator. Plaintiffs must first identify one male teacher whose job experience adequately compares to the experiences of 380+ opt-in Plaintiffs. Once Plaintiffs do so, they risk losing their case with no additional comparators to fall back on if Defendant successfully pokes holes in Plaintiffs' case by (1) proving that this male comparator did not perform "equal work" to Plaintiffs, or (2) proving applicability of one of the four affirmative defenses to the one male

comparator. The Marist College decision is particularly instructive in noting potential problems with comparing a Plaintiff (or in our case, Plaintiffs) to only one male comparator:

> The problem with comparing plaintiff's pay only to that of a single male employee is that it may create the impression of an Equal Pay Act violation where no widespread gender discrimination exists. Moreover, in the calculation of damages, such a comparison may either grant the plaintiff a windfall where the male comparator is paid particularly well, or improperly limit her recovery where the male comparator, though better compensated than she, is paid less than the typical man of substantially equal skill, effort, and responsibility. On similar reasoning, the Ninth Circuit Court of Appeals has noted that where multiple comparators exist, the plaintiff is not permitted simply to select the best-compensated male to establish her case. Rather, the proper test for establishing a prima facie case in a professional setting such as that of a college is whether the plaintiff is receiving lower wages than the average of wages paid to all employees of the opposite sex performing substantially equal work and similarly situated with respect to any other factors, such as seniority, that affect the wage scale.

Marist College, 239 F.3d at 421-482 (citing Hein v. Or. Coll. of Educ., 718 F.2d 910, 916 (9th Cir. 1983)).

Marist College furthermore suggests that "one male comparator" evidence alone may be insufficient to prove discrimination under the Equal Pay Act: "In [reaching our] holding, we note that, because plaintiff both identified a male comparator and provided statistical evidence of gender-based discrimination, we need not decide whether either type of evidence standing alone would have been sufficient to prove discrimination under the Equal Pay Act." Id. at 482.

In light of the above, and as examined in further detail below, the Court will consider requiring the parties to supplement "one male comparator" evidence with statistical evidence at trial.

II. STATISTICAL EVIDENCE

While Marist College notes a decision from the Fourth Circuit holding that a plaintiff must identify "a particular male comparator," the Plaintiff in that case did not rely exclusively on

3

testimony from the one male comparator at trial. Instead, Plaintiff's expert "presented statistical evidence showing that she was paid less than comparable male professors at Marist. [The expert]'s statistical method, multiple regression analysis, was designed to eliminate the influence on any observed gender disparity of five factors) (in statistical argot, to "control" for five "independent variables"): rank, years of service, division, tenure status, and degrees earned." Marist College, 239 F.3d at 478. Defendant's expert also performed "a similar multiple regression analysis, controlling for the same five independent variables." Id.

The Second Circuit in Marist College ultimately held that "statistical evidence of a gender-based salary disparity among comparable professors properly contributed to plaintiff's case in conjunction with her identification of a specific male comparator." Id. at 481.

The Court will recommend that counsel consider the above cases and any statistical evidence to show that Plaintiffs were paid less than comparable male teachers, including through assessment of the relevant "independent variables" of (1) years of prior relevant experience and (2) academic credit (i.e. degrees earned). These relevant "independent variables" would not otherwise be accounted for if Plaintiffs only present evidence regarding the one male comparator. Furthermore, courts have indicated that this type of statistical evidence "may be required because isolated incidents of discrimination may not be sufficient to make out a prima facie case." Marist College (citing Strag v. Bd. Of Trs., 55 F.3d 943, 950 (4th Cir. 1995), Houck v. Va. Polytechnic Inst. & State Univ., 10 F.3d 204, 206-207 (4th Cir. 1993)).

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 20\20-1995 Cartee-Haring v Central Bucks Sch\20cv1995 and 21cv2587 Memorandum re One Male Comparator.docx