**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **REBECCA CARTEE-HARING**<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT** | **CIVIL ACTION**<br><br><br>**NO. 20-1995** |
| **DAWN MARINELLO,**<br><br>*individually and on behalf of similarly situated female employees,*<br><br>v.<br><br>**CENTRAL BUCKS SCHOOL DISTRICT** | **CIVIL ACTION**<br><br><br>**NO. 21-2587** |

## JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1

Now that you have heard the evidence and the arguments of the attorneys, it becomes my duty to instruct you as to the law applicable in this case. Upon the conclusion of my instructions, you will retire to consider your verdict. You must determine the facts from all the testimony that you have heard and the other evidence which has been received during this trial. You are the sole judges of the facts. No one, not even the Court, may infringe upon this responsibility. You may entirely disregard any comments I may make as to my recollection of the evidence during the trial if your recollection of the evidence is different than mine. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case.

On the other hand, and with equal emphasis, I instruct you that you must accept the rules of law as I will give them to you and apply that law to the facts you have found. You are not to be

1

concerned with the wisdom of any rule of law and you are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, following the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## JURY INSTRUCTION NO. 2

In this case Plaintiffs Rebecca Cartee-Haring and Dawn Marinello have made a claim under the Equal Pay Act, a statute that prohibits an employer from paying women less than men for jobs that require substantially equal work.

Specifically, Ms. Cartee-Haring and Ms. Marinello claim that they were paid less than one or more male employee(s) even though they performed substantially equal work.

Defendant Central Bucks School District asserts that the male and female teachers were treated similarly, that the Plaintiffs did not perform jobs that had equal skill, effort, and responsibility as their comparators, and that any differences of pay between the Plaintiffs and their comparators performing jobs that had equal skill, effort, and responsibility were based on factors other than sex.

## JURY INSTRUCTION NO. 3

There are two cases at issue here that have been consolidated. The case in which Dawn Marinello is the Plaintiff has been consolidated with the case commenced by Rebecca Cartee-Haring, another teacher in the District who has made the same Equal Pay Act claim as Dawn Marinello. The instructions that I give to you in connection with the <u>Marinello</u> case are the same

2

as those that apply to Ms. Cartee-Haring's claim.  You will be considering and rendering verdicts in both cases simultaneously.

## JURY INSTRUCTION NO. 4

I will now instruct you more fully on the issues you must address in this case.

For Plaintiffs to prevail on their claims against Defendant for violation of the Equal Pay Act, each Plaintiff must prove all of the following elements by a preponderance of the evidence:

**First**: Defendant has employed Plaintiffs and at least one male employee in jobs requiring substantially equal skill, effort and responsibility;

**Second**: the job for each Plaintiff is performed under similar working conditions to the comparators' jobs; and

**Third**: each Plaintiff was paid a lower wage than the male employee(s) doing substantially equal work.  These specific words of "skill," "effort," and "responsibility" under "similar working conditions" are in the statute.  Congress did not include in the statute that instructional content must be equal.

I will now give you further instructions on these three elements. When evaluating whether a Plaintiff has established these three elements, you must keep in mind that Plaintiffs do not have to prove that Defendant meant to discriminate against Plaintiffs because they were female.  In other words, Plaintiffs do not have to prove intent to discriminate.

In determining whether each Plaintiff's job required substantially equal skill, effort, and responsibility as those of the male employee(s), you must compare the jobs and not the individual employees holding those jobs.  It is not necessary that the two jobs be identical; the Equal Pay Act requires proof that the performance of the two jobs demands "substantially equal" skill, effort and responsibility.  Insignificant, insubstantial, or trivial differences do not matter and may be

3

disregarded. Job classifications, certifications, descriptions, or titles are not controlling. It is the actual work or performance requirements of the two jobs that is important.

There is a Pennsylvania statute which states that "[n]o teacher shall teach, in any public school, any branch which he has not been properly certificated to teach." Federal courts have found that notwithstanding this statute, under the language of the Equal Pay Act, you may find that teachers with different teaching certificates perform substantially equal skill, effort, and responsibility.

In evaluating whether the performance requirements of the two jobs are substantially equal, you must consider the "skill," "effort" and "responsibility" required for these jobs. I will now tell you what is meant by these terms, "skill," effort" and "responsibility."

*Skill:*

In deciding whether the jobs require substantially equal "skill" you should consider such factors as the level of education, experience, training and ability necessary to meet the performance requirements of the respective jobs. Jobs may require "equal skill" even if one job does not require workers to use these skills as often as another job. Remember also that you are to compare the jobs, not the employees. So the fact that a male employee has a qualification that Plaintiffs do not is relevant only if the particular qualification is necessary or useful for performing the job.

*Effort:*

In deciding whether the jobs require substantially equal "effort" you should consider the mental, physical and emotional requirements for performing the job. Duties that result in mental or physical fatigue or emotional stress, as well as factors that alleviate fatigue and stress, should be weighed together in assessing the relative effort involved. "Equal effort" does not require people to use effort in exactly the same way. If there is no substantial difference in the amount or degree

of effort to do the jobs, they require "equal effort."  However, if the job of the male employee(s) require(s) additional tasks that consume a significant amount of extra time and effort that would not be expected of Plaintiffs, then the jobs do not require substantially equal effort.

*Responsibility:*

In deciding whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability expected by the employer for a person filling the jobs, as well as the amount of preparation required to perform the job duties.  You should also take into account such things as the level of authority delegated to each Plaintiff as compared to the male employee(s), including whether Plaintiffs and the male employee(s) were equally expected to direct the work of others.  Finally, you should consider the consequences to the employer of effective performance in the respective jobs.

You should note that "skill," "effort" and "responsibility" constitute separate tests, each of which must be met in order for the equal pay requirement to apply.

*Similar Working Conditions:*

With respect to the second element of Plaintiffs' claim, you must find that the jobs are performed under similar working conditions.  The conditions need only be similar; they need not be identical.  In deciding whether the working conditions of the two jobs are similar, you should consider the surroundings or the environment in which the work is performed—including any hazards or risks, travel, and weather—to which the respective employees may be exposed.  I instruct you, however, that time of day is not relevant to determining whether working conditions are similar.  For example, it is not relevant that some employees work at different times of day.

*Wage Comparison:*

With respect to the third element of Plaintiffs' claim, each Plaintiff must prove that she was paid a lower wage than (a) male employee(s) doing substantially equal work. In determining the respective levels of pay, you are to consider all forms of compensation, whether called wages, salary, profit sharing, expense account, use of company car, gasoline allowance, or some other name. Fringe benefits are also included in the comparison of wages under the Equal Pay Act, as are vacation and holiday pay and overtime pay.

## JURY INSTRUCTION NO. 5

As stated previously, it is the Plaintiffs' burden to prove that each Plaintiff was paid a lower wage than a male employee doing substantially equal work under similar working conditions. Under this standard, you must look at the wages paid to each Plaintiff and the Plaintiff's comparator(s). This means that you are to compare the wages of each Plaintiff and their comparators.

## JURY INSTRUCTION NO. 6

If you find that a Plaintiff has proved each of the elements that she must establish in support of her claim under the Equal Pay Act, you must then consider Defendant's defenses. Defendant contends that the difference in pay between the jobs of Plaintiffs and their comparators was the result of factors other than sex. Specifically, Defendant asserts that the difference in pay is attributable to one or more factors unrelated to sex. For example, Defendant contends that any disparity in pay is attributable to things like different experience and training. To establish this defense, Defendant must prove that Plaintiffs' sex played no part in the difference in wages.

Defendant does not establish this defense by claiming that "market forces" justify a disparity in pay for equal work.

Plaintiffs contend that Defendant's explanation for the difference in pay is only a pretext, or excuse, for paying higher wages to men for equal work.  Remember that Plaintiffs do not have to prove that Defendant intended to discriminate.  However, evidence of intent to discriminate may be considered in determining whether Defendant's explanation is valid or instead is a cover-up for paying higher wages to men for equal work.

If you find Defendant has proved by a preponderance of the evidence that the difference in pay was the result of a factor other than sex identified by the Defendant, your verdict must be for Defendant.  However, if you determine that Defendant has failed to prove that the difference in pay was caused by this factor other than sex, you must decide in favor of each Plaintiff as applicable.

You must make this determination for each of the Plaintiffs and each of the comparators.

## JURY INSTRUCTION NO. 7

Defendant also contends that the difference in pay between Plaintiff Rebecca Cartee-Haring's job and Mr. Malcolm Mosley was the result of a bona fide seniority system.  In order to establish that a seniority system exists, Defendant must show that it uses a system that gives employees rights and benefits that improve the longer they work for Defendant.

In determining whether Defendant has demonstrated a bona fide seniority system, you should consider that a valid seniority system ordinarily includes rules that

1. define when the seniority time clock begins ticking;

2. specify how and when a particular person's seniority may be lost;

3. define which time will count toward the accrual of seniority and which will not;

4. specify the types of employment conditions that will be governed by seniority and those that will not.

7

For Defendant to successfully demonstrate a bona fide seniority system, Defendant must regularly consider seniority rather than doing so randomly or on a case-by-case basis, and Defendant must apply its system uniformly in its decisions.

If you find Defendant has proved by a preponderance of the evidence that the difference in pay between Plaintiff Cartee-Haring and Malcolm Mosely was the result of a bona fide seniority system, then Mr. Mosely is not a valid comparator.

## JURY INSTRUCTION NO. 8

If you find that Plaintiff Rebecca Cartee-Haring, Plaintiff Dawn Marinello, or both Plaintiffs have proved by a preponderance of the evidence that she was paid less than their comparator(s) for performing substantially equal work, and if you find that Defendant has failed to show that the wage differential for that Plaintiff was based on a permissible factor on which I previously instructed you, then you must award damages to that Plaintiff.  Each Plaintiff has the burden of proving the amount of those damages by a preponderance of the evidence.

I will now instruct you on calculating damages.

## JURY INSTRUCTION NO. 9

In this case, Plaintiffs allege that Defendant willfully violated the Equal Pay Act.  If a Plaintiff proves to you by a preponderance of the evidence that Defendant's violation of the Equal Pay Act was willful, then this will have an effect on the damages that you must award.  I will explain this effect in a minute, but first I will provide you more information on what it means to be a "willful" violation.

You must find Defendant's violation of the Equal Pay Act to be willful if Plaintiffs prove by a preponderance of the evidence that Defendant knew or showed reckless disregard for whether

8

Plaintiffs' underpayment was prohibited by the law. To establish willfulness, it is not enough to show that Defendant acted negligently. If you find that Defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard for whether its conduct was prohibited by the law, then Defendant's conduct was not willful.

You must make an individual determination of willfulness for each Plaintiff who proved by a preponderance of the evidence that there was a violation of the Equal Pay Act in accordance with the instructions that I provided to you.

If you find that Defendant's violation was willful, then you may award Plaintiffs the amount of damages that compensates her for the difference between what she was paid (in both wages and benefits) and the average amount of what the comparators were paid (in both wages and benefits) during the period starting three years before the date the lawsuit was filed through the date of your verdict. However, if you find that Defendant's violation of the Equal Pay Act was not willful, then you may award the Plaintiff the difference between what she was paid (in both wages and benefits) and the average amount of what the comparators were paid (in both wages and benefits) during the period starting two years before the date the lawsuit was filed through the date of your verdict. In other words, Plaintiffs are entitled to damages for an extra year if she proves that Defendant's violation was willful.

If you find there is only one comparator, then you must do this same calculation but instead of averaging the two comparators, you take the difference between what the Plaintiff was paid (in both wages and benefits) and what the single comparator was paid (in both wages and benefits).

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## JURY INSTRUCTION NO. 10

The evidence from which you are to find the facts consists of the following:

    1. The testimony of the witnesses;

    2. Documents and other things received as exhibits;

    3. Any facts that are stipulated--that is, formally agreed to by the parties; and

The following things are not evidence:

    1. Statements, arguments, and questions of the lawyers for the parties in this case;

    2. Objections by lawyers.

    3. Any testimony I tell you to disregard; and

    4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way. You must also not consider any verbal utterances, gasps, or statements made by people sitting in the courtroom as audience members.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not

permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

## JURY INSTRUCTION NO. 11

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## JURY INSTRUCTION NO. 12

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

## JURY INSTRUCTION NO. 13

This is a civil case. Plaintiffs are the parties who brought this lawsuit. Defendant is the party against whom the lawsuit was filed. Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means each Plaintiff has to prove to you, in light of all the evidence, that what they claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to each Plaintiff individually and the evidence favorable to Defendant on opposite sides of the scales, each Plaintiff would have to make the scales tip somewhat on their side. If Plaintiffs fail to meet this burden, the verdict must be for the Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**JURY INSTRUCTION NO. 14**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Certain depositions, or portions of depositions, have been presented to you at trial, either by video or by being read into the record. Deposition testimony is entitled to the same

consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

If the deposition testimony is read into the record, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## JURY INSTRUCTION NO. 15

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 16

If you decide that a witness intentionally lied about a fact that may affect the outcome of the case, you may, for that reason alone, choose to disbelieve the rest of that witness's testimony. But, you are not required to do so. You should consider not only the lie, but also all the other factors I have given you, in deciding whether to believe other parts of the witness's testimony.

## JURY INSTRUCTION NO. 17

You may have heard evidence that a witness made earlier statements inconsistent with his testimony in court. You may consider the earlier statements to evaluate the believability, in other words, the truthfulness and accuracy of the witness's testimony in court.

You may also find the earlier statement was true.

## JURY INSTRUCTION NO. 18

When you retire to the jury room to deliberate, you may take with you these instructions,

your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each

other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.